UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANWAR AHMAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3:16-cv-01092 |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY and JEFFREY L. MILLER, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant Covington Specialty Insurance Company ("Covington") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

**I.
<u>INTRODUCTION</u>**

1.      Plaintiff Anwar Ahmad ("Plaintiff") commenced this lawsuit on March 25, 2016, by filing Plaintiff's Original Petition ("Petition") in the 40th Judicial District Court of Ellis County, Texas.

2.      Plaintiff's Petition names Covington and Jeffrey L. Miller ("Miller") as Defendants.

3.      Covington was served with Plaintiff's Petition on March 28, 2016.  Miller has not yet been served.

4.      Covington files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

5.      Miller need not consent to removal as Covington contends Miller was improperly joined.[1]

## II.
## BASIS FOR REMOVAL

6.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

7.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Covington.**

8.      Plaintiff is an individual and resident of Ellis County, Texas. Plaintiff is thus a citizen of Texas for purposes of diversity of citizenship.

9.      Covington is a New Hampshire corporation with its principal place of business in Georgia. Thus, Covington is a citizen of New Hampshire and Georgia for purposes of diversity of citizenship.

10.      Miller is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Miller in this lawsuit. Miller's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Covington (now and on the date Plaintiff filed this lawsuit).

---

[1]      *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

*(1)*    ***Plaintiff Improperly Joined Miller as a Defendant to Defeat This Court's
Diversity Jurisdiction.***

11.    Improper joinder exists when there is (1) actual fraud in the pleading of
jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-
diverse defendant.[2] This second condition is met when there is no reasonable probability that
the plaintiff might recover against the improperly-joined in-state defendant.[3] A "reasonable
possibility" is more than a mere hypothetical possibility that an action against the non-diverse
defendant *could* exist.[4]

12.    In this lawsuit, Plaintiff has asserted claims against Miller, an in-state insurance
adjuster.  Plaintiff's causes of action against Miller include a laundry list of violations under the
Texas Insurance Code and DTPA, as well as civil conspiracy. But under the standard set forth
above, there is no reasonable basis for predicting that Plaintiff might establish liability against
Miller.  Plaintiff's Petition fails to allege facts that would permit Plaintiff to recover from Miller
under Texas law.

13.    Plaintiff's Petition includes a  group of alleged statutory violations under Chapter
541 of the Texas Insurance Code against Miller, but fails to explain how Miller's alleged bad
acts independently violated each of the complained upon actions from that of Covington's
actions.[5] "[F]or an adjuster to be held individually liable, he must have committed some act that
is prohibited by the Texas Insurance Code, not just connected to an insurance company's denial

---

[2]    *See One Way Investments v. Century Ins. Co.*, Civil Action No. 3:14-CV-2839-D, 2014 WL 6991277 at *2
(N.D. Tex. Dec. 11, 2014) (Fitzwater, J.).

[3]    *See id.*

[4]    *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[5]    *See* Petition at ¶¶ 24-31.

of coverage."[6] In other words, an adjuster cannot be held individually liable for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual damages arising from the carrier's alleged breach of contract.[7] Absent actual damages, other than the unpaid policy benefits, there is no cause of action under Section 541 of the Texas Insurance Code.[8]

14.     Notably, all of Plaintiff's statutory allegations against Miller ultimately relate to Covington's coverage determination and Plaintiff's entitlement to policy benefits.   Plaintiff alleges that Miller conducted an unreasonable investigation of Plaintiff's claim "to create evidence to deny full payment on Plaintiff's claim."[9] Thus, the focus of Plaintiff's allegations is connected to Covington's purported failure to pay what Plaintiff claims he should have received under the Covington policy.   Plaintiff has not pled any facts demonstrating an injury other than a wrongful denial of policy benefits.   Certainly, Plaintiff did not plead any facts to support separate and independent *damages* as a result of Miller's alleged actions.

15.     Moreover, Plaintiff's Petition regularly combines the actions of Covington and Miller together, and specifically fails to delineate which actor purportedly committed the alleged wrongdoing.   Plaintiff's allegations against Miller for statutory violations consist merely of labels, conclusions, and formulaic recitations of the elements of a cause of action.   This does

---

[6]   *Together 6 LLC d/b/a Motel 6 v. The Burlington Ins. Co.,* No. 4:15-CV-064-Y, at 8 (N.D. Tex. Apr. 22, 2015) (citing *Messersmith v. Nationwide Mut. Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014).

[7]   *See, e.g., Charla D. Aldous, PC v. Lugo,* No. 3:13-CV-3310-L, 2014 WL 5879216, at *4-6 (N.D. Tex., Nov. 12, 2014).

[8]   *See, e.g., Messersmith v. Nationwide Mut. Fire Ins. Co.,* 7:12-cv-00133-O, 2014 WL 3406686 (N.D. Tex. July 14, 2014) (finding no reasonable possibility of recovery against an independent adjuster for, in part, lack of independent injury).

[9]   *See* Petition at ¶ 28.

not satisfy Texas or Federal pleadings standards to demonstrate an independent action against Miller.

16.     Additionally, Plaintiff's Petition includes a cause of action for civil conspiracy against Miller.[10] However, an allegation of conspiracy "depends on participation in some underlying tort."[11] Plaintiff has not pled any facts to support Miller's participation in any underlying tort.   And similar to Plaintiff's laundry list of allegations regarding purported statutory violations, Plaintiff's civil conspiracy claim is merely a conclusory and formulaic recitation of a cause of action for civil conspiracy.

### (2)   *Plaintiff's Claims against Miller Bear the "Badges of Improper Joinder."*

17.     Not only does Plaintiff fail to allege facts sufficient to permit recovery from Miller, but the Petition also bears multiple "badges of improper joinder" recognized by this Court.[12]

18.     One badge of improper joinder is present when the plaintiff has failed to serve the non-diverse adjuster defendant, ultimately suggesting that the plaintiff had no intention of pursuing an action against the adjuster. At this time, Miller has not been served in this matter.

19.     With respect to another badge of improper joinder, Plaintiff has no "plausible reason for suing [Miller] other than to defeat diversity jurisdiction."[13] There is no credible reason why a favorable judgment on Plaintiff's claims against Covington (if warranted) would fail to afford Plaintiff full and complete relief.   Nor is there any "suggestion that a recovery by

---

[10]   *See* Petition at ¶ 35.

[11]   *Tilton v. Marshal*, 925 S.W.2d 672, 681 (Tex, 1996).

[12]   *See Plascencia v. State Farm Lloyds*, Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.); *see also Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724-25 (N.D. Tex. 2014) (Solis, J.); *One Way Investments*, 2014 WL 6991277, at *3-*5.

[13]   *See Plascencia* at 15-18.

---

[P]laintiff against [Miller] would provide any financial gain to [P]laintiff."[14] Because the crux of Plaintiff's Petition is that Covington failed to pay what Plaintiff feels he is owed under the policy, it is clear that Plaintiff's claims against Miller are intended solely to deprive this Court of jurisdiction.

**B.    Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

20.    If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Covington's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[15]

21.    Here, Plaintiff's Petition states that Plaintiff seeks to recover between $200,000 and $1,000,000 in this lawsuit.[16] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

22.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Ellis County, Texas promptly after the filing of this Notice.

23.    As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

---

[14]    *Id.* at 16 (quoting *Dougherty v. State Farm Lloyds*, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001)).

[15]    *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[16]    Plaintiff's Petition at ¶6.

    a.     an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

    b.     a copy of the docket sheet in the state court action;

    c.     each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

    d.     a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

24.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Covington Specialty Insurance Company requests that this action be removed from the 40th Judicial District Court of Ellis County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**Zelle LLP**

By:    */s/ Shannon M. O'Malley*
        Shannon M. O'Malley
        State Bar No. 24037200
        Somalley@zelle.com
        Tyler J. McGuire
        State Bar No. 24098080
        Tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served this 21st day of April 2016, by electronic filing as follows:

David R. Gibson
State Bar No. 07861220
my.lawyer@sbcglobal.net
Reagan R. Herod
State Bar No. 24068030
The Gibson Law Group, PC
3102 Maple Avenue, Suite 400
Dallas, TX  75201
Telephone:    214-800-2213
Facsimile:    214-800-2214
*Attorneys for Plaintiff Anwar Ahmad*

        */s/ Shannon M. O'Malley*
        Shannon M. O'Malley