# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANWAR AHMAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3:16-cv-01092 |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY and JEFFREY L. MILLER, | § | |
| | § | |
| Defendants. | § | |

## **EXHIBIT A**

1. Index of All Documents Filed in the State Court Action

2. Docket Sheet in the State Court Action

3. Documents filed in the State Court Action

   a. Plaintiff's Original Petition and Request for Disclosure
      Filed: March 25, 2016

   b. Defendant Covington Specialty Insurance Company's Original Answer and
      Affirmative Defenses to Plaintiff's Original Petition
      Filed: April 13, 2016

# Exhibit A-1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANWAR AHMAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3:16-cv-01092 |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY and JEFFREY L. MILLER, | § | |
| | § | |
| Defendants. | § | |

## INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION

Documents filed and all orders entered in the state court action as listed below:

1. Plaintiff's Original Petition and Request for Disclosure
   Filed: March 25,2016

2. Defendant Covington Specialty Insurance Company's Original Answer and
   Affirmative Defenses to Plaintiff's Original Petition
   Filed: April 13, 2016

# Exhibit A-2

ELLIS COUNTY CIVIL DOCKET
CAUSE # 93436

===========================================================================

AHMAD, ANWAR
   -VS-
COVINGTON SPECIALTY INSURANCE COMPANY
MILLER, JEFFREY L

CAUSE OF ACTION: SUIT ON DEBT
FILE DATE: 03/28/2016

===========================================================================
DATE                            NATURE OF PROCEEDINGS
===========================================================================
03/28/2016          ORIGINAL PETITION CIVIL
 PET-PETITION FILING CODE CHOSEN, ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
03/28/2016          CITATION
 COVINGTON* EFILED BACK 3/29/16
03/28/2016          CITATION
 J MILLER* EFILED BACK 3/29/16
03/28/2016          STATE INFO SHEET
 CIVIL COVER SHEET
03/28/2016          REQUEST
 REQUEST FOR ISSUANCE OF CITATIONS FORM
03/28/2016          E-FILE SERVICE FEE
03/28/2016          RECEIPT ISSUED
 371837
03/29/2016          E-FILED ATTORNEY
 RTN CITS TO ATTY FOR SERVICE
04/13/2016          ANSWER
 COVINGTON SPECIALTY INSURANCE COMPANY'S ORIG ANSWER & AFFIRMATIVE DEFENSES TO PLTF'S
 ORIG PETITION
04/13/2016          E-FILE SERVICE FEE
04/13/2016          RECEIPT ISSUED
 373134

Exhibit A-3-a

Filed 3/25/2016 12:07:21 PM
Melanie Reed
District Clerk
Ellis County, Texas

Ellis County - District Clerk

93436

CAUSE NO. _____

|  |  |  |
|---|---|---|
| ANWAR AHMAD, | § | IN THE ___ DISTRICT COURT  40TH |
|  | § |  |
| Plaintiff, | § | ELLIS COUNTY, TEXAS |
|  | § |  |
| v. | § |  |
|  | § |  |
| COVINGTON SPECIALTY INSURANCE COMPANY | § |  |
| AND JEFFREY L. MILLER, | § |  |
|  | § |  |
| Defendants. | § |  |

### ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Anwar Ahmad complains of Covington Specialty Insurance Company and Jeff Miller and would respectfully show as follows:

### Discovery Control Plan

1.    Discovery should be conducted under Level 2.

### Parties, Jurisdiction and Venue

2.    Plaintiff is an individual resident of Ennis, Texas.

3.    Defendant Covington Specialty Insurance Company ("Covington") is a New Hampshire insurance company licensed to do business in Texas and doing business in Ellis County, Texas.  Covington does not maintain an agent for service of process in Texas, but purposefully availed itself of the privileges and benefits of conducting business in Texas. Covington may be served with process through its registered agent, James V. Hatem, Nixon Peabody LLP, 900 Elm Street, Manchester NH 03101.

4.    Defendant Jeffrey L. Miller is a citizen of the State of Texas, employed as an adjuster by Engle Martin & Associates, Inc., and, as such, is a person engaged in the business of insurance in Texas. Mr. Miller may be served with process at his principal place

of business, Engle Martin & Assoc., Inc., located at 17304 Preston Rd., Ste. 975, Dallas, Texas 75252.

5.    This Court has subject matter jurisdiction over this controversy because the amount at issue exceeds the jurisdictional limits of the Court, because Covington purposefully availed itself of the privileges and benefits of conducting business in Texas, and because Jeff Miller is a resident of Texas.  Venue is proper in Ellis County, Texas because all or a substantial part of the acts or omission giving rise to this lawsuit occurred in Ellis County, Texas, where the insured property at issue is located.  Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code § 15.002.

6.    Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### Factual Background

7.    At all times relevant to this cause, Plaintiff owned or operated a commercial building located at 832 Old Highway 287, Waxahachie, Ellis County, Texas.

8.    Plaintiff insured this commercial property through Defendant Covington under Policy No. VBA236672 00.

9.    In approximately August of 2013, a wind storm passed through the Waxahachie area tearing off the metal roof panels and severely damaging the wooden roof structure of Plaintiff's insured building.  The storm also ripped off the signage mounted along the front of the building.

10.   Plaintiff promptly made repairs necessary to protect the insured property from further damage.

11.   Plaintiff further hired AGTM Engineering to evaluate the structural damage to the building.  AGTM determined that the roof structure and walls had been subjected to

winds in excess of 70 miles per hour and that the building was a total loss and needed to be replaced.

12.     Plaintiff timely made a claim on his Covington insurance Policy No. VBA236672 00. Defendant Covington in turn hired Jeffrey L. Miller of Engle Martin & Associates, Inc. to adjust Plaintiff's claim. Plaintiff's claim was assigned claim number 7030067767.

13.     Defendants Covington and, more specifically, Miller failed to conduct a full, fair, prompt, and reasonable investigation of Plaintiff's claim. More specifically, Defendant Miller directed an outcome-oriented investigation and hired one or more experts he knew would under-scope Plaintiff's damages or otherwise seek exclusions to coverage in order to allow Covington to avoid full payment on the claim.

14.     Specifically, on March 28, 2014, Mr. Miller sent Unified Building Sciences and Engineering, Inc., a company well-known in the insurance industry for carrier-favorable investigations, to inspect the property. In the resulting report, dated April 17, 2014, the carrier's engineer concluded that although there was some damage from the August 2013 wind storm, the damage was not structural. The report further concluded that the structural damage was most likely from a prior wind event in 2010, even though the report also noted that the 2010 damage had been repaired with materials that were stamped after the date of the 2010 storm.

15.     On June 13, 2014, Jeff Miller sent Plaintiff a letter stating that, based on the engineering report, the building was not a total loss, and that the damage to the building was caused by a prior wind storm event in 2010 or lack of proper maintenance, without

specifying how Plaintiff's building maintenance allegedly contributed to the damage. Defendant declined to pay any more money on the claim to replace the building.

16.     The damage to Plaintiff's building is storm driven and resulted from a storm within the applicable coverage period.   The damage was not the result of faulty maintenance or unrepaired damage from a storm that occurred three years earlier. Additionally, Defendants' engineering report proves that Plaintiff made timely repairs to the building after the 2010 wind storms, given that (1) the report mentions tornado activity in May 2010, consistent with damages visible on the roof of the building via 2010 satellite photos, and (2) the report mentions OSB replacement boards stamped with a "July 2010" manufacture date.

17.     In denying Plaintiff's claim, Defendant Covington based on the incomplete, unfair and unreasonable investigation of Defendant Miller and made material misrepresentations about policy provisions, coverage and the applicable Texas law.

18.     Accordingly Defendant Covington, based again on the incomplete, unfair, and unreasonable investigation of Defendant Miller, wrongfully denied Plaintiff's claim, and his building is virtually unusable for business purposes and in need of complete replacement, which he cannot afford due to the denial of this covered claim.

### Claims

### Count 1: Breach of Contract by Covington

19.     Defendant Covington contracted to provide the insurance described in its policy in return for the premium and compliance with all applicable provisions of its policy. Plaintiff complied with all applicable provisions of that policy of insurance.   Covington accepted coverage for certain of Plaintiff's losses, denied coverage for other losses, and, in

any event, failed to pay for the reasonable and necessary repairs to, or total replacement of, Plaintiff's building that would allow him to continue operating his business in a safe manner, in accordance with the policy of insurance.

20. Covington breached its contractual obligations to Plaintiff to provide coverage for storm-driven losses and for failing to objectively investigate Plaintiff's claim. Covington's refusal to pay the full proceeds under the policy comes after delaying and conducting an outcome-oriented investigation.

21. Each of these breaches, separately and in conjunction, proximately caused damage to Plaintiff for which he now sues.

22. Plaintiff seeks to recover his reasonable attorneys' fees pursuant to Chapter 38 of the Civil Practice and Remedies Code.

23. Plaintiff further seeks to recover the 18% penalty on the amount due on his claims under the insurance policy pursuant to Section 542.060 of the Texas Insurance Code.

## Count 2: Insurance Code Violations by Defendants

24. Defendants Covington and Miller violated Texas Insurance Code, Sections 541.060(a)(1), (2), and (7) by:

> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
>
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>
> > (A) a claim with respect to which the insurer's liability has become reasonably clear; or
> >
> > (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the

> coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

and,

> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim. ...

25.     Defendants further violated Insurance Code Section 541.061 by making one or more untrue statements of material fact to Plaintiff in the handling of his claim, and for encouraging, permitting, or conducting an outcome-oriented investigation in order to provide a basis to underpay the claim.

26.     Defendant Covington further violated Insurance Code Section 542.003(b)(1), (4), and (5) by:

> (1)  knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

> (4)  not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; or

> (5)  compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder. ...

27.     In addition, Defendants by their acts and omissions referenced above, violated Sections 17.46(b)(5), (7), (12) and (24) of the DTPA, each of which violation is actionable under Section 541.151 of the Texas Insurance Code.

28.     Moreover, Defendant Miller was responsible for the inspection of Plaintiff's property, and, accordingly, was responsible for conducting a thorough, prompt, and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damage done to Plaintiff's property. Instead, Mr. Miller employed an engineering firm known to make favorable opinions for insurance companies in order to

create evidence to deny full payment on Plaintiff's claim. Subsequent to the inspection, Mr. Miller refused to identify and ignored the actual covered damages to Plaintiff's commercial property, thus demonstrating that he did not conduct a thorough investigation of the claim pursuant to the Texas Insurance Code.

29.     Defendants' violations of Chapter 541 and Covington's violations of Chapter 542 were a producing cause of Plaintiff's actual damages, including mental anguish, court costs, and reasonable and necessary attorneys' fees, for which he now sues.

30.     Defendants' acts and omissions as summarized above were committed knowingly. Plaintiff, therefore, seeks to recover treble damages under Section 541.152, as well.

31.     Plaintiff further seeks to recover the 18% penalty on the amount due on his claim under the insurance policy pursuant to Section 542.060 of the Texas Insurance Code.

### Count 3:   Breach of Good Faith and Fair Dealing by Covington

32.     Covington accepted coverage for certain of Plaintiff's losses, but failed to pay for all of the reasonable and necessary repairs to his building or total replacement of the building in accordance with the policy of insurance. Covington's breach of its common-law duty to deal fairly and in good faith with Plaintiff proximately caused damage for which he now sues.

33.     Plaintiff further seeks to recover the 18% penalty on the amount due on his claim under the insurance policy pursuant to Section 542.060 of the Texas Insurance Code.

### Count 4: Exemplary Damages

34.     Defendants' acts or omissions, when viewed objectively from the standpoint of the actor at the time of their occurrence involved an extreme degree of risk, considering

the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, Plaintiff is entitled to recover exemplary damages against Covington under Chapter 41 of the Civil Practice and Remedies Code.

## Count 5: Civil Conspiracy

35.     The Defendants conspired to underpay Plaintiff's claim. Covington hired Defendant Miller to investigate Plaintiff's claims, and Defendants and their agents, set out to intentionally and knowingly conduct an outcome-oriented investigation. The Defendants further acted together to misrepresent the policy and Texas law in order to avoid paying for the damages to Plaintiff's commercial property covered by the policy. The Defendants' conspiracy was a proximate cause of Plaintiff's damages.

## Conditions Precedent

36.     All conditions precedent to Plaintiff's recovery have been performed, have occurred, or have been waived.

## Request for Disclosure

37.     Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant for:

1.   Actual damages;

2.   Exemplary or additional damages as allowed by statute;

3.  Pre- and post-judgment interest at the highest rates allowed by law;

4.  Attorney's fees;

5.  Costs of Court; and,

6.  Such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE GIBSON LAW GROUP, PC

By:  /s/ David R. Gibson

_____
David R. Gibson
SBN 07861220
Reagan R. Herod
SBN 24068030

3102 Maple Ave., Ste. 400
Dallas, TX 75201
(214) 800-2213
(214) 800-2214 Facsimile
my.lawyer@sbcglobal.net

COUNSEL FOR PLAINTIFF

## THE STATE OF TEXAS
## COUNTY OF ELLIS
### CAUSE NO: 93436
## CITATION

TO:  COVINGTON SPECIALTY INSURANCE COMPANY
C/O REG. AGENT, JAMES V. HATEM, NIXON PEABODY LLP
900 ELM ST., STE. 1400
MANCHESTER, NH 03101

Defendant, in the hereinafter styled and numbered cause: 93436

A TRUE COPY ATTEST
DAVID D. AYLE...

You are hereby commanded to appear before 40TH JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the ORIGINAL PETITION AND REQUEST FOR DISCLOSURE of Plaintiff at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number 93436 styled

AHMAD, ANWAR
-VS-
COVINGTON SPECIALTY INSURANCE COMPANY
AND MILLER, JEFFREY L.

Filed in said court on the 03/28/2016

The name and address of the attorney for plaintiff, or the address of the plaintiff is: DAVID GIBSON , 3102 MAPLE AVE., STE 400 , DALLAS, TX 75201.

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 29th day of March, 2016.

Melanie Reed, District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

SEAL

By _____
Mary Hinds, Deputy

<u>OFFICER'S RETURN - CAUSE # 93436</u>

AHMAD, ANWAR
-VS-
COVINGTON SPECIALTY INSURANCE
COMPANY
MILLER, JEFFREY L

IN THE 40TH JUDICIAL DISTRICT COURT
OF
ELLIS COUNTY, TEXAS

NAME AND ADDRESS FOR SERVICE:
COVINGTON SPECIALTY INSURANCE COMPANY
C/O REG. AGENT, JAMES V. HATEM, NIXON PEABODY LLP
900 ELM ST., STE. 1400
MANCHESTER, NH 03101

Came to hand on the _____ day of _____, 20___, at _____, o'clock ___.m., and executed in _____ County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the ORIGINAL PETITION AND REQUEST FOR DISCLOSURE , at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEES:
Serving Petition and Copy $_____
Total              $_____

_____, Officer
_____, County, Texas
By:_____, Deputy

_____ Affiant

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.</u>
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
        (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

RETURN TO:
Melanie Reed Ellis County District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

STATE OF TEXAS     §
COUNTY OF ELLIS    §
SIGNED under oath before me on this _____ day of _____ ,20___.

_____
Notary Public, State of Texas

Exhibit A-3-b

93436

Case 3:16-cv-01092-N   Document 1-3   Filed 04/21/16   Page 20 of 26   PageID 31

Filed 4/13/2016 3:19:36 PM
Melanie Ree
District Cler
Ellis County, Texa

CAUSE NO. 93436

| | | |
|---|---|---|
| ANWAR AHMAD, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ELLIS COUNTY, TEXAS |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY and JEFFREY L. MILLER, | § | |
| | § | |
| Defendants. | § | |
| | § | 40th JUDICIAL DISTRICT |

## DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant Covington Specialty Insurance Company ("Covington") submits the following Original Answer and Affirmative Defenses to the Original Petition of Plaintiff Anwar Ahmad ("Plaintiff").

### VERIFIED PLEAS

1.     Pursuant to Rule 93 of the Texas Rules of Civil Procedure, Covington states that Plaintiff has failed to provide notice and proof of loss for its damages as alleged. Specifically, Plaintiff previously provided proof of loss for a claim valued at $216,935.25, upon which Covington made payment. Plaintiff now alleges additional losses between $200,000 and $1,000,000 and has not supplied a proof of loss to support that amount.

2.     Pursuant to Rule 93 of the Texas Rules of Civil Procedure, Covington states that Plaintiff's claims are barred, in whole or in part, by his and/or his agents' failure to meet all conditions precedent to the recovery Plaintiff now seeks under the Policy. Specifically, Plaintiff has failed to cooperate with Covington in the investigation of the claim, including, but not limited to its failure to provide evidence of covered damages.

## GENERAL DENIAL

3.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Covington generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, Covington demands that Plaintiff proves every fact in support of its claims regarding violations of the Texas Insurance Code and DTPA, violations of the duty of good faith and fair dealing, breach of contract, and civil conspiracy by a preponderance of the evidence. By this general denial, Covington further demands that Plaintiff proves every fact in support of its exemplary damages by clear and convincing evidence.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

4.      Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles contained in Covington policy number VBA236672 00 (the "Policy") issued to Plaintiff.

### Second Affirmative Defense

5.      The amount recoverable for Plaintiff's claims is limited by the applicable limits and any sub-limits contained in the Policy.

### Third Affirmative Defense

6.      The amount recoverable for Plaintiff's claims is limited by the Policy's valuation at actual cash value in the event of loss or damage.

### Fourth Affirmative Defense

7.      Plaintiff's claims are barred, in whole or in part, to the extent any damage was not caused by or resulting from a covered cause of loss.

### Fifth Affirmative Defense

8.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

### Sixth Affirmative Defense

9.      Plaintiff's claims are barred, in whole or in part, by Plaintiff and/or its agents' failure to meet all conditions precedent to the recovery Plaintiff now seeks under the Policy.

### Seventh Affirmative Defense

10.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by fungus, wet rot, dry rot, and bacteria.

### Eighth Affirmative Defense

11.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

### Ninth Affirmative Defense

12.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by or resulting from neglect of Plaintiff and/or its agents to use all reasonable means to save and preserve property from further damage at and after the time of loss.

### Tenth Affirmative Defense

13.      Plaintiff's claims are subject to the terms, provisions, and limitations of the Windstorm or Hail Percentage Deductible endorsement in the Policy.

### Eleventh Affirmative Defense

14.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

### Twelfth Affirmative Defense

15.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

### Thirteenth Affirmative Defense

16.     Plaintiff's claims may be subject to the appraisal provision in the Policy, which applies in the event of any disagreement as to the amount of loss. Covington specifically reserves its rights under the appraisal provision of the Policy.

### Fourteenth Affirmative Defense

17.     Plaintiff's claims are barred, in whole or in part, by Covington's prior payments to Plaintiff under the Policy.

### Fifteenth Affirmative Defense

18.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Covington and its employees, agents, representatives, and adjusters are entitled to value claims differently from Covington's policyholders without facing bad faith or extra-contractual liability. Covington would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence to covered property.

### Sixteenth Affirmative Defense

19.     Covington reserves the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

## ATTORNEYS' FEES AND COURT COSTS

20.     Covington intends to prove and seek a finding that this suit was brought in bad faith or for the purpose of harassment, which entitles Covington to its attorneys' fees and court costs under Texas Insurance Code §541.153.

## PRAYER

Covington prays that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff take nothing by its claims, and (iii) Covington be granted such other and further relief to which it is justly entitled.

Respectfully submitted,

**ZELLE LLP**


By:  ___*/s/ Shannon M. O'Malley*___
Shannon M. O'Malley
Texas Bar No. 24037200
Somalley@zelle.com
Tyler J. McGuire
Texas Bar No. 24098080
Tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

**ATTORNEYS FOR DEFENDANT COVINGTON
SPECIALTY INSURANCE COMPANY**


### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Original Answer and Affirmative Defenses has been served this 13th day of April 2016, by electronic filing as follows:

David R. Gibson
State Bar No. 07861220
my.lawyer@sbcglobal.net
Reagan R. Herod
State Bar No. 24068030
**THE GIBSON LAW GROUP, PC**
3102 Maple Ave., Ste. 400
Dallas, Texas 75201
(214) 800-2213 – phone
(214) 800-2214 – fax

**ATTORNEYS FOR PLAINTIFF**

*/s/ Shannon M. O'Malley*
Shannon M. O'Malley

## VERIFICATION

STATE OF GEORGIA              §
                             §
COUNTY OF FULTON              §

BEFORE ME, the undersigned authority, on this day personally appeared Michael Grabowski, the duly authorized representative for Covington Specialty Insurance Company who, after being duly sworn, upon his/her oath states that the matters asserted in the foregoing Verified Denial are true and correct.

_____

Michael Grabowski
By and for Covington Specialty Insurance
Company

SWORN AND SUBSCRIBED before me, _____, on this 13ᵗʰ day of April, 2016, to certify which witness my hand and seal of office.

_____

Notary Public, State of Georgia



Defendant Covington Specialty Insurance Company's Original Answer and
Affirmative Defenses to Plaintiff's Original Petition                                   Page 7

2178702v1