IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| ANWAR AHMAD, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:16-cv-01092 |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY AND JEFFREY L. MILLER, | § | |
| | § | |
| *Defendants.* | § | |

**FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**

Plaintiff Anwar Ahmad complains of Covington Specialty Insurance Company and adjuster Jeffrey L. Miller and would respectfully show as follows:

**Discovery Control Plan**

1. Discovery should be conducted under Level 2.

**Parties, Jurisdiction and Venue**

2. Plaintiff is an individual resident of Ennis, Texas.

3. Defendant Covington Specialty Insurance Company ("Covington") is a New Hampshire insurance company licensed to do business in Texas and doing business in Ellis County, Texas. Covington does not maintain an agent for service of process in Texas, but purposefully availed itself of the privileges and benefits of conducting business in Texas. Covington has entered a general appearance in this matter and is before the Court for all purposes.

4. Defendant Jeffrey L. Miller is a citizen of the State of Texas, employed as an adjuster by Engle Martin & Associates, Inc., and, as such, is a person engaged in the business of

insurance in Texas. Mr. Miller may be served with process at his principal place of business, Engle Martin & Associates, Inc., located at 17304 Preston Rd., Ste. 975, Dallas, Texas. A Request for Waiver of Summons was sent to Mr. Miller on May 16, 2016, but to date Plaintiff has received no response to that request.

5. The Ellis County District Court has subject matter jurisdiction over this controversy because the amount at issue exceeds the jurisdictional limits of the Court, and because Covington purposefully availed itself of the privileges and benefits of conducting business in Texas. Venue is proper in Ellis County, Texas because all or a substantial part of the acts or omission giving rise to this lawsuit occurred in Ellis County, Texas, where the insured property at issue is located.

6. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## Factual Background

7. At all times relevant to this cause, Plaintiff owned or operated a commercial building located at 832 Old Highway 287, Waxahachie, Ellis County, Texas.

8. Plaintiff insured this commercial property through Defendant Covington Specialty Insurance Company under Policy No. VBA236672 00.

9. In approximately August of 2013, a wind storm passed through the Waxahachie area tearing off the metal roof panels and severely damaging the wooden roof structure of Plaintiff's building. The storm also ripped off the signage mounted along the front of the building.

10. Plaintiff promptly made repairs necessary to protect the insured property from further damage and timely made a claim on his Covington insurance Policy No. VBA236672 00.

11. Plaintiff also hired AGTM Engineering to evaluate the structural damage to the building resulting from the 2013 wind storm. AGTM determined that the roof structure and walls had been subjected to winds in excess of 70 miles per hour, could not withstand code winds in excess of 90 mph, was a total loss and needed to be replaced. These findings triggered coverage under the Covington policy absent application of an exclusion.

12. In response, Defendant Covington hired Texas-based adjuster Jeffrey L. Miller of Engle Martin & Associates, Inc. to adjust Plaintiff's claim. Plaintiff's claim was assigned claim number 7030067767.

13. Defendant Miller retained Unified Building Sciences and Engineering, Inc. ("UBSE"), ostensibly to investigate Plaintiff's claim further. On information and belief, however, Miller actually retained Unified BSE because he knew that UBSE would, more likely than not, generate a pre-textual basis for denial of Plaintiff's claim. Both Defendant Covington and Miller's employer Engle Martin encourage denial of claims. And, on information and belief, both Defendant Miller and Engle Martin, frequently employ UBSE precisely because of its bias in favor of carriers. In other words, Defendant Miller intentionally and knowingly retained an expert that he knew would perform an outcome-oriented "investigation" rather than a fair and reasonable evaluation of Plaintiff's claim.

14. On March 28, 2014, UBSE apparently conducted a site investigation of Plaintiff's building. In the resulting report, dated April 17, 2014, the engineer hand-picked by Defendant Miller concluded that although there was some damage from the August 2013 wind storm, the damage was not structural. The report further concluded that the structural damage was most likely from a prior wind event in 2010, even though the report also noted that the 2010 damage had been repaired with materials that were plainly stamped after the date of the 2010 storm.

15. Significantly, UBSE's report did conclude that the insured property sustained significant storm-related damage during a storm event that occurred in 2010. This is significant because Plaintiff's building was insured by a different company in 2010 such that any damage associated with a 2010 storm would not be covered under Defendant Covington's policy. Perhaps even more significantly, the report did *not* conclude that the building was *not* a total loss.

16. On June 13, 2014, Miller sent Plaintiff a letter stating a follows:

> We engaged the services of Unified Building Sciences & Engineering, Inc. to assist us in our investigation in response to your claim that the building is a total loss. Mr. Michael J. Whiteaker was the assigned engineer and he inspected the property on March 28, 2014. We have enclosed a copy of his final report, which states the building is not a total loss and some of the damages occurred during a 2010 wind event and not from the August 13, 2013 wind event. As such, we have now paid for all covered damages and no further payment on this claim is warranted.

By affirmatively stating that UBSE had concluded the building was not a total loss when UBSE in fact made no such conclusion, Defendant Miller misrepresented to Plaintiff a material fact relating to coverage, which is a direct violation of Section 541.060(a)(1) of the Texas Insurance Code. Moreover, despite acknowledging that some of the damage to Plaintiff's property was in fact the result of the August 2013 storm, Mr. Miller falsely represented to Plaintiff that there was no coverage for such damage. This, too, is a violation of the Texas Insurance Code.

17. Regardless of these misrepresentations by Defendant Miller, which were apparently relied upon by Defendant Covington, Plaintiff's expert's report conflicted with UBSE's expert report and Defendant Miller made no effort to reconcile those conflicts, choosing instead to deny coverage. This failure to push his investigation further rendered Defendant Miller's investigation unreasonable, which is a violation of the Texas Insurance Code. Similarly, UBSE's report included numerous express and implicit assertions that Plaintiff's version of

events was false, incredible, or unreliable. Again, Defendant Miller made no effort to independently investigate the veracity of Plaintiff's assertions made in furtherance of his claim, choosing instead to accept as gospel the conclusions of a hired gun. Defendant Miller's failure to investigate further, including his failure to take an examination under oath of Plaintiff, rendered his investigation unreasonable.

18. In essence, upon receipt of the UBSE report, Defendant Miller denied or recommended denial of Plaintiff's building claim and closed his file without further investigation into the obvious inconsistencies in the two reports or the attack on Plaintiff's credibility. Miller's premature conclusion of the investigation rendered it unreasonable under Texas law.

19. The damage to Plaintiff's building is storm driven and resulted from a storm within the applicable coverage period. The damage was not the result of faulty maintenance or a storm that occurred three years earlier. Additionally, Defendants' engineering report proves that Plaintiff made timely repairs to the building after the 2010 wind storms, given that (1) the report mentions tornado activity in May 2010, consistent with damages visible on the roof of the building via 2010 satellite photos, and (2) the report mentions OSB replacement boards stamped with a "July 2010" manufacture date.

20. Accordingly Defendant Covington, based again on the incomplete, unfair, and unreasonable investigation of Defendant Miller, wrongfully denied Plaintiff's claim, whose building is now unusable for business purposes and in need of complete replacement, which Plaintiff cannot afford due to the denial of this covered claim.

## Claims

### Count 1:  Breach of Contract

21. Defendant Coventry contracted to provide the insurance described in its policy in return for the premium and compliance with all applicable provisions of its policy.  Plaintiff complied with all applicable provisions of that policy of insurance.  Coventry accepted coverage for the contents portion of Plaintiff's loss, denied coverage for other losses, and, in any event, failed to pay for the reasonable and necessary repairs to, or total replacement of, Plaintiff's building that would allow him to continue operating his business in a safe manner, in accordance with the policy of insurance.

22. Coventry breached its contractual obligations to Plaintiff to provide coverage for storm-driven losses and for failing to objectively investigate Plaintiff's claim.  Covington's refusal to pay the full proceeds under the policy comes after delaying and conducting an outcome-oriented investigation.

23. Each of these breaches, separately and in conjunction, proximately caused damage to Plaintiff for which he now sues.

24. Plaintiff seeks to recover his reasonable attorneys' fees pursuant to Chapter 38 of the Civil Practice and Remedies Code.

25. Plaintiff further seeks to recover the 18% penalty on the amount due on his claims under the insurance policy pursuant to Section 542.060 of the Texas Insurance Code.

### Count 2:  Insurance Code Violations

26. Defendants Coventry and Miller violated Texas Insurance Code, Sections 541.060(a)(1), (2), and (7) by:

    (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

  (A) a claim with respect to which the insurer's liability has become reasonably clear; or

  (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

and

(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim. …

27. Defendants further violated Insurance Code Section 541.061 by making one or more untrue statements of material fact to Plaintiff in the handling of his claim, and for encouraging, permitting, or conducting an outcome-oriented investigation in order to provide a basis to underpay the claim.

28. Defendant Covington further violated Insurance Code Section 542.003(b)(1), (4), and (5) by:

- knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

- not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; or

- compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recover in a suit brought by the policy holder.

29. In addition, Defendants by their acts and omissions referenced above, violated Sections 17.46(b)(5), (7), (12) and (24) of the DTPA, each of which violation is actionable under Section 541.151 of the Texas Insurance Code.

30. Moreover, Defendant Miller was responsible for the inspection of Plaintiff's property, and, accordingly, was responsible for conducting a thorough, prompt, and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damage done to Plaintiff's property. Rather than conducting a reasonable, unbiased investigation, Defendant Miller employed an engineering firm known to render favorable opinions for insurance companies in order to create a pretext to deny full payment of Plaintiff's claim. Once armed with such pretext Defendant Miller denied or recommended denial of Plaintiff's claim without making any effort to reconcile obvious, material differences in the two expert's opinions and without independently testing Plaintiff's credibility despite the open and obvious attack thereon presented in the UBSE report.

31. Defendant Covington, through Engle Martin, retained Defendant Miller to be its eyes and ears on the ground in Texas and abdicated all responsibility for proper claims adjustment to Miller. Covington relied on and adopted Miller's recommendations, all of which were based on a faulty and patently unreasonable investigation.

32. Defendants' violations of Chapter 541 and Covington's violations of Chapter 542 were a producing cause of Plaintiff's actual damages, including mental anguish, court costs, and reasonable and necessary attorneys' fees, for which he now sues.

33. Defendant's acts and omissions as summarized above were committed knowingly. Plaintiff, therefore, seeks to recover treble damages under Section 541.152, as well.

34. Plaintiff further seeks to recover the 18% penalty on the amount due on his claim under the insurance policy pursuant to Section 542.060 of the Texas Insurance Code.

### Count 3:   Breach of Good Faith and Fair Dealing by Covington

35. Covington accepted coverage for certain of Plaintiff's losses, but failed to pay for all of the reasonable and necessary repairs to his building or total replacement of the building in accordance with the policy of insurance. Covington's breach of its common-law duty to deal fairly and in good faith with Plaintiff proximately caused damage for which he now sues.

36. Plaintiff further seeks to recover the 18% penalty on the amount due on his claim under the insurance policy pursuant to Section 542.060 of the Texas Insurance Code.

### Count 4:  Exemplary Damages

37. Defendant's acts or omissions, when viewed objectively from the standpoint of the actor at the time of their occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, Plaintiff is entitled to recover exemplary damages against Covington under Chapter 41 of the Civil Practice and Remedies Code.

### Count 5: Civil Conspiracy

38. Defendants conspired to underpay Plaintiff's claim. Covington hired Defendant Miller to investigate Plaintiff's claims, and Defendants and their agents, set out to intentionally and knowingly conduct an outcome-oriented investigation. The Defendants further acted together to misrepresent the policy and Texas law in order to avoid paying for the damages to Plaintiff's commercial property covered by the policy. The Defendants' conspiracy was a proximate cause of Plaintiff's damages.

## Conditions Precedent

39. All conditions precedent to Plaintiff's recovery have been performed, have occurred, or have been waived.

## Request for Disclosure

40. Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## PRAYER

**WHEREFORE**, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for:

1. Actual, additional and exemplary damages;
2. Pre- and post-judgment interest at the highest rates allowed by law;
3. Attorney's fees;
4. Costs of Court; and,
5. Such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE GIBSON LAW GROUP, PC**

*By: /s/ David R. Gibson*

David R. Gibson
SBN 07861220
Reagan R. Herod
SBN 24068030
1304 W Walnut Hill Ln, Ste. 212
Irving, TX  75038
(817) 769-4044
(817) 764-4313 Facsimile
my.lawyer@sbcglobal.net

**COUNSEL FOR PLAINTIFF**